IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG AARONIAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-00518 JLT (PC)<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1) |

Plaintiff is proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed March 24, 2010. For the reasons set forth below, the Court **DISMISSES** this action for Plaintiff's failure to state a claim.

**I.    SCREENING**

　　**A.    Screening Requirement**

The Court is required to review a complaint filed by a prisoner seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court may grant leave to amend to the extent that the deficiencies of the complaint can

1

be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### B.     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Collins v. Womancare</u>, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." <u>Id.</u> There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 691-92 (1978).

### C.     Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE COMPLAINT

Plaintiff identifies the Fresno County Jail and its maintenance crew as defendants to this action. Plaintiff alleges that on March 10, 2010, inmate Jay notified Correctional Officer Rathjen that the plumbing in the ceiling above racks 7, 8, and 9 was leaking water, thereby creating a slip and fall hazard. Nevertheless, Correctional Officer Rathjen failed to take any immediate remedial action, or warn others of the potential danger. Thus, when Plaintiff walked past racks 7, 8, and 9, he slipped and fell. Accordingly, Plaintiff claims that Defendants were "careless" and "negligent" in their handling of the apparent safety hazard. In terms of relief, Plaintiff seeks $250,000 in monetary damages. (Doc. 1 at 1-5.)

## III.  DISCUSSION

### A.  Pretrial Detainee Status

Plaintiff does not indicate whether he was a pretrial detainee or a prisoner serving a sentence of confinement at the time of the alleged events. Claims by pretrial detainees arise under the Fourteenth Amendment Due Process Clause, whereas claims by prisoners arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Nevertheless, "because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," the Court analyzes Plaintiff's conditions of confinement claims under the standards provided by the Eighth Amendment, regardless of Plaintiff's incarceration

status. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991)).

### B.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To plead a viable conditions of confinement claim, a plaintiff must allege facts satisfying both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a plaintiff must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Second, a plaintiff must show that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. In other words, a prison official is liable for inhumane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff's allegation that a pool of water existed in front of racks 7, 8, and 9 does not demonstrate an objectively inhumane condition of confinement violative of the Eighth Amendment. Instead, plaintiff states and restates that the action was caused by "careless negligence." (Doc. 1 at 3, 4, 5) Although the pool of water certainly had the potential to injure, as evident by Plaintiff's own fall, "not every deviation from ideal safe conditions amounts to a constitutional violation." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) (citations omitted). There must be a confluence of exacerbating conditions such that the pool of water posed a serious, unavoidable threat to the safety of Plaintiff and the other inmates. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard does not violate the Eighth Amendment).

In Daniels v. Williams, 474 U.S. 327, 328 (1986), a plaintiff sued for the back and ankle injuries he suffered as a result of tripping on a pillowcase that a correctional officer left in the stairwell. In evaluating whether the Due Process Clause was implicated, the Court rejected that negligent action was

sufficient to impose constitutional liability, the Court held,

> Jailers may owe a special duty of care to those in their custody under state tort law, see Restatement (Second) of Torts § 314A(4) (1965), but for the reasons previously stated we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-336.  In doing so, the Court explained, "[W]e decline to trivialize the Due Process Clause in an effort to simplify constitutional litigation."  Id. at 335.  Further, the Court observed that negligence is not transformed into unconstitutional conduct merely because it occurs in a jail. Id. at 333.  The Court warned,

> 'we must never forget, that it is a *constitution* we are expounding,' McCulloch v. Maryland, 4 Wheat. 316, 407 (1819) (emphasis in original). Our Constitution deals with the large concerns of the governors and the governed, but **it does not purport to supplant traditional tort law in laying down rules of conduct** to regulate liability for injuries that attend living together in society.

Id. at 332, emphasis added.

Thus, Plaintiff's allegations of negligent conduct merely give rise to an ordinary slip and fall claim.  Such a claim, however, is not cognizable in constitutional litigation.  See Reynolds v. Powell, 370 F.3d 1028, 1032 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment . . . .  Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.") (citations and internal quotations omitted); cf. Frost, 152 F.3d at 1129 (finding that slippery shower floors could pose a sufficiently serious safety hazard to plaintiff who used crutches and had fallen on several occasions in the past).

### C.   **Defendants**

Plaintiff identifies the Fresno County Jail as a defendant to this action.  A claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (citing Monell, 436 U.S. at 694-95).  Here, Plaintiff fails to allege facts demonstrating that his injuries were caused by a deliberate policy, custom or practice instituted by the Fresno County Jail.  To the contrary, Plaintiff admits that this action was taken negligently and carelessly.  This is insufficient to implicate Monell liability.  Therefore, Plaintiff's

complaint fails to state a cognizable claim as to this defendant.

Finally, Plaintiff identifies, broadly and vaguely, the maintenance staff at Fresno County Jail as defendants to this action. For there to be liability under § 1983, however, there must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Because Plaintiff has failed to even identify the *specific* individuals at issue or to address how their *specific* actions caused the constitutional injury, the complaint fails to state a claim against these defendants.

### D. **Leave to Amend**

As noted above, Plaintiff is emphatic that Defendants acted negligently and carelessly. In fact, Plaintiff reports that he sought administrative relief upon the same contention that Defendants acted with "careless neglagance" [sic]. (Doc. 1 at 5) Therefore, Plaintiff cannot now, in the face of dismissal, reconsider his previous admission and claim, to the contrary, that Defendants acted with a sufficiently culpable state of mind that would justify constitutional litigation. Therefore, because Plaintiff cannot state a claim, the Court will dismiss the complaint without leave to amend. See Lopez, 203 F.3d at 1127 (leave to amend should be granted unless the court determines that the pleading could not be cured).

### IV. **CONCLUSION**

In accordance with the above, it is HEREBY ORDERED that:

1. This action is dismissed for failure to state a cognizable claim; and
2. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   **December 15, 2010**                    /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

6